UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

PHILIP TZORTZATOS,

                Plaintiff,

      -against-

CAPITAL GENOMIX, INC., A. JOHN
LEONTAKIANAKOS, and SPYRO KROKIDIS,

                Defendants.
-----------------------------------------------------------------X

Index No.:

**VERIFIED COMPLAINT**

Jury Trial Demanded

Plaintiff, by his attorney, Brian Kennedy, Esq., complaining of the Defendants, respectfully alleges as follows:

## INTRODUCTION

1.  This is a civil action brought by Plaintiff, an individual, against Capital Genomix, a biotechnology company, and certain of its directors, officers, promoters, and/or agents, based upon securities fraud, and common law fraud, breach of contract, and negligent misrepresentation, regarding the sale of preferred stock of Capital Genomix to Plaintiff, causing Plaintiff severe investment losses.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to Section 10b of the Securities Exchange Act (hereinafter, the "Act") (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), and pursuant to certain pendent claims under the common law of the State of New York.

3.  This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367, and the principles of pendent jurisdiction.

4. Venue is proper in this district because the defendants reside in or conduct business here, and the claims arose in this district.

5. At all times herein, Plaintiff Philip Tzortzatos (hereinafter, "Tzortzatos," or "Plaintiff") was and still is an individual residing in the State of New York.

6. Upon information and belief, at all times herein, Defendant Capital Genomix, Inc. (hereinafter, "Capital Genomix") was and still is a foreign business corporation, organized and existing pursuant to the laws of the State of Delaware, with principal business offices in Gaithersburg, Maryland, and Chantilly, Virginia.

7. Upon information and belief, at all times herein, Defendant A. John Leontakianakos (hereinafter, "Leontakianakos") was and still is an individual residing in the State of New York, and a director, executive officer, and promoter, and the Senior Vice President of Finance of Capital Genomix.

8. Upon information and belief, at all times herein, Defendant Spyro Krokidis (hereinafter, "Krokidis") was and still is an individual residing in the State of New York, and a promoter and/or agent of Capital Genomix and/or Leontakianakos.

9. Upon information and belief, at all times herein, Capital Genomix was and still is a biotechnology company that develops technology platforms for genomic and proteomic research.

10. Upon further discovery, Plaintiff will determine if additional defendants will be named and joined in this action.

## ALLEGATIONS COMMON TO ALL COUNTS

11. Unless otherwise stated, the allegations set forth below are based upon information and belief. Certain allegations are based upon a review of relevant documents and interviews with persons familiar with the facts alleged.

12. At all times herein, Leontakianakos and Krokidis acted within the scope of their employment and/or authority in the business of and with the knowledge and consent of Capital Genomix.

13. In or about February 2003, Capital Genomix filed with the Securities and Exchange Commission a notice regarding its exemption from registration requirements for the sale of its Preferred Stock (hereinafter, the "Stock"), under Rule 506 of Regulation D of the Securities Act of 1933 (hereinafter, "Regulation D").

14. Thereafter, Capital Genomix and Leontakianakos recruited Krokidis, then a financial services representative with MetLife, as a promoter and/or agent for the sale of the Stock to investors.

15. Capital Genomix and Leontakianakos created, and provided Krokidis with, certain documents regarding Capital Genomix, including but not limited to business plans, development plans, financial statements, press releases, shareholder letters, and other promotional materials (hereinafter, "Capital Genomix materials").

16. In or about September 2003, Krokidis approached Plaintiff, informed Plaintiff of the opportunity to purchase the Stock, and disclosed to Plaintiff the Capital Genomix materials created by Capital Genomix and Leontakianakos.

17. In or about late September or early October 2003, Krokidis, acting as the promoter and/or agent of Capital Genomix and Leontakianakos, and relying upon the

Capital Genomix materials, made the following representations (hereinafter, the "representations") to Plaintiff:

    (a)    Capital Genomix was operating a profitable business, with approximate sales of $130,000 in year 2001; $1,200,000 in year 2002; and more than $4,300,000 in year to date 2003;

    (b)    Capital Genomix would soon merge with larger biotechnology companies;

    (c)    Capital Genomix would soon register its securities with the Securities and Exchange Commission;

    (d)    Plaintiff was guaranteed to more than double the value of his Stock within the first year of his investment.

18.    Plaintiff informed Krokidis that he was a completely unsophisticated investor, with little investment experience or knowledge, and no knowledge whatsoever of Capital Genomix's business.

19.    Krokidis informed Plaintiff that as an unsophisticated investor, the Plaintiff must represent himself as an "accredited investor" under Regulation D, with a net worth exceeding one million dollars ($1,000,000), in order to purchase the Stock.

20.    Plaintiff informed Krokidis that he did not qualify as an "accredited investor" under Regulation D.

21.    Krokidis informed Leontakianakos and Capital Genomix that Plaintiff was an unsophisticated investor who did not qualify as an "accredited investor" under Regulation D.

22.    Defendants, knowing that Plaintiff was an unsophisticated and unsuitable investor to purchase the Stock, intentionally and/or negligently disregarded Plaintiff's lack of sophistication, financial suitability, and qualification as an "accredited investor" in order to sell the Stock.

23. Capital Genomix and Leontakianakos created, and provided Krokidis with, a subscription agreement (hereinafter, "the agreement") for the sale of the Stock to Plaintiff.

24. In or about October 2003, Krokidis personally delivered to Plaintiff, at Plaintiff's New York residence, the agreement.

25. Induced solely by the above-mentioned representations and Capital Genomix materials, and reasonably relying upon them, Plaintiff entered into the agreement with Defendants.

26. Pursuant to the agreement, Plaintiff agreed to subscribe for the Stock of Capital Genomix at a purchase price of six dollars ($6) per share, and Defendants agreed to issue to Plaintiff the shares of Stock, and to transfer to Plaintiff, upon payment of the subscription price, said shares of Stock of Capital Genomix equal to the amount of Plaintiff's subscription.

27. Thereafter, Krokidis delivered the agreement and the check, executed by Plaintiff in the State of New York, to Capital Genomix and Leontakianakos in the offices of Capital Genomix in the State of Virginia.

28. On or about October 8, 2003, Tzortzatos paid fifty thousand dollars ($50,000) to Defendants pursuant to the subscription agreement for the Stock.

29. The above-stated representations made by Defendants with regard to Capital Genomix were false, and Defendants knew that said representations were false when they were made, in that:

    (a) Capital Genomix was not operating a profitable business, and had approximate sales of $29,000 in year 2001; $81,000 in year 2002; and $66,000 in year 2003;

(b) Capital Genomix had no immediate plans or offers to merge with larger biotechnology companies;

(c) Capital Genomix had no immediate plans to register its securities with the Securities and Exchange Commission;

(d) Defendants could not guarantee the value of the Stock sold to Plaintiff, and rather than the value increasing, it dramatically decreased.

30. When Plaintiff discovered that the above-stated representations were false, Plaintiff demanded that Defendants agree to rescind the subscription agreement, and return to Plaintiff his investment in the Stock of Capital Genomix, but Defendants refused and still refuse to comply with either demand.

31. The value of the Stock still held by Plaintiff is diminished, and the future financial viability of Capital Genomix is questionable.

## COUNT I

### SECTION 10(b) OF THE SECURITIES ACT OF 1934 AND RULE 10(b)-5

32. Plaintiff repeats, realleges, and reiterates every allegation set forth above as if fully set forth at length herein.

33. The Stock are "securities" within the meaning of Section 3(a)(10) of the 1934 Act, 15 U.S.C. § 78c(a)(10).

34. Defendants directly or indirectly, used or caused to be used means or instrumentalities of interstate commerce or the mails in furtherance of their fraudulent conduct or schemes to defraud Plaintiff.

35. Each of the representations made by Defendants, as set forth in paragraph 17 above, was material and:

(a) made in connection with the purchase and sale of a security under the Act;

(b) made with intent to induce Plaintiff to purchase the Stock;

(c) made with intent to defraud Plaintiff;

(d) operated as a practice and course of business which was a fraud and deceit upon Plaintiff;

(e) was known to be false at the time it was made by Defendants in that it was either completely false, or contained material omissions of fact, and/or omitted material facts or facts necessary to make the statements made not misleading and false in light of the circumstances under which they were made.

36. Each of the representations made by Defendants, as set forth in paragraph 17 above, were false and omitted to state material facts as specified in paragraph 29 above.

37. Plaintiff purchased the Stock in reasonable reliance on the misrepresentations made by Defendants.

38. As a proximate result of Defendants' misrepresentations and non-disclosures, Plaintiff was deceived in connection with purchase and sale of the Stock.

39. But for Defendants' misrepresentations and non-disclosures, Plaintiff would not have purchased the Stock.

40. As a result, Plaintiff has suffered damages in an amount to be determined at trial. Defendants' misrepresentations and non-disclosures were significant contributing causes of Plaintiff's losses in connection with the purchase and sale of the Stock.

41. By reason of the foregoing, Defendants have violated Section 10(b) of the 1934 Act, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.

## COUNT II

## FRAUD

42. Plaintiff repeats, realleges, and reiterates every allegation set forth above as if fully set forth at length herein.

43. Defendants, with scienter: (a) employed devices, schemes, and artifices to defraud; (b) made false representations and warranties of material facts, and/or omissions to state material facts necessary to make the representations and warranties not misleading; and (c) engaged in acts, conduct, and practices that operated as a fraud and deceit upon Plaintiff, specifically by apprizing Plaintiff of the representations as set forth in paragraph 17 above.

44. At the time that Defendants induced Plaintiff to invest in the Stock of Capital Genomix that Defendants recommended and sold, Defendants knew, or were reckless in not knowing, that their representations and warranties of material facts were false and misleading.

45. Furthermore, at the time that Defendants recommended and sold the Stock to Plaintiff, they intended to deceive and defraud Plaintiff.

46. Defendants knew and intended that Plaintiff would rely on their recommendations and representations of the above-stated material facts regarding the Stock of Capital Genomix.

47. Plaintiff did in fact rely upon the above-mentioned recommendations and representations in deciding to invest in the Stock of Capital Genomix to his detriment. Such reliance was reasonable and justified under the circumstances. If Defendants had not made the representations of the above-stated material facts regarding the Stock of Capital Genomix, Plaintiff would not have made this investment.

48. As a direct consequence of Defendants fraudulent conduct, misrepresentations and omissions, Plaintiff has been injured in an amount to be determined at trial, representing the full amount of the losses he incurred.

49. By engaging in the above-described conduct, Defendants acted willfully, with malice, oppression and moral turpitude, and with a conscious disregard for the rights of Plaintiff. By reason of the foregoing, Plaintiff is entitled to an award of punitive damages against Defendants.

## COUNT III

### BREACH OF CONTRACT

50. Plaintiff repeats, realleges, and reiterates every allegation set forth above as if fully set forth at length herein.

51. Defendants expressly and impliedly agreed to act in accordance with Plaintiff's best interests, and with securities industry standards with respect to the investment in the Stock and the subscription agreement.

52. Defendants breached their contract to invest Plaintiff's money in a suitable investment as Plaintiff expected.

53. By reason of the foregoing breach of contract, Plaintiff has been injured in an amount to be determined at trial, representing the full amount of the losses he incurred.

## COUNT IV

### NEGLIGENT MISREPRESENTATION

54. Plaintiff repeats, realleges, and reiterates every allegation set forth above as if fully set forth at length herein.

55. At the time that Plaintiff and Defendants entered into the agreement, Defendants were negligent in not knowing that their representations and warranties as set forth in paragraph 17 above were false and misleading.

56. Defendants knew that Plaintiff would rely on these representations in deciding to invest in the Stock of Capital Genomix, and Plaintiff did in fact reasonably and justifiably rely on Defendants' representations in doing so.

57. By virtue of their superior knowledge of the facts and circumstances regarding Capital Genomix, Defendants owed Plaintiff a duty to act with care in connection with the representations as set forth in paragraph 17 above, and the purchase and sale of the Stock. Defendants breached that duty by failing to exercise the requisite degree of care.

58. By reason of the foregoing breach, Plaintiff has been injured in an amount to be determined at trial, representing the full amount of the losses he incurred.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally as follows:

(a) On Count I, rescissory damages equal to the amount Plaintiff paid for the Stock, with statutory interest thereon;

(b) On Count II through IV, compensatory damages in an amount as may be established and determined by a trier of fact, with statutory interest thereon;

(c) On Count II, punitive damages in the amount three times the amount determined for compensatory damages, with statutory interest thereon; and

(d) Such other and further relief as the court deems just, proper, and equitable under the circumstances, including, but not limited to, attorney's and expert witness fees, costs and disbursements, and

any and all other expenditures that Plaintiff incurred in prosecuting this action.

Dated: New York, New York
September 29, 2006

Yours, etc.;

BRIAN KENNEDY, ESQ. (BK 8588)
Attorney for Plaintiff
1 Chase Manhattan Plaza, 35th Floor
New York, New York 10005
Telephone: 212-687-0099